# Order

Michigan Supreme Court
Lansing, Michigan

December 15, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

136617
136653
136983

GARY L. BUSH, Guardian of GARY E. BUSH,
a Protected Person,
        Plaintiff-Appellee,

v

BEHROOZ-BRUCE SHABAHANG, M.D.,
GEORGE T. SUGIYAMA, M.D., M. ASHRAF
MANSOUR, M.D., VASCULAR ASSOCIATES,
P.C., and SPECTRUM HEALTH
BUTTERWORTH CAMPUS,
        Defendants,
and

JOHN CHARLES HEISER, M.D., and WEST
MICHIGAN CARDIOVASCULAR SURGEONS,
        Defendants-Appellants.
_____/

SC: 136617
COA: 274709
Kent CC: 06-000982-NM

GARY L. BUSH, Guardian of GARY E. BUSH,
a Protected Person,
        Plaintiff-Appellee,

v

BEHROOZ-BRUCE SHABAHANG, M.D.,
        Defendant-Appellant,
and

JOHN CHARLES HEISER, M.D., WEST
MICHIGAN CARDIOVASCULAR SURGEONS,
GEORGE T. SUGIYAMA, M.D., M. ASHRAF
MANSOUR, M.D., VASCULAR ASSOCIATES,
P.C., and SPECTRUM HEALTH
BUTTERWORTH CAMPUS,
        Defendants.
_____/

SC: 136653
COA: 274708
Kent CC: 06-000982-NM

GARY L. BUSH, Guardian of GARY E. BUSH,
a Protected Person,
              Plaintiff-Appellee,

v                                                    SC: 136983
                                                     COA: 274726
                                                     Kent CC: 06-000982-NM

BEHROOZ-BRUCE SHABAHANG, M.D.,
JOHN CHARLES HEISER, M.D., WEST
MICHIGAN CARDIOVASCULAR SURGEONS,
GEORGE T. SUGIYAMA, M.D., M. ASHRAF
MANSOUR, M.D., and VASCULAR
ASSOCIATES, P.C.,
              Defendants,
and

SPECTRUM HEALTH BUTTERWORTH
CAMPUS,
              Defendant-Appellant.
_____/

On November 19, 2008, the Court heard oral argument on the applications for leave to appeal the May 1, 2008 judgment of the Court of Appeals. On order of the Court, the applications are again considered, and they are GRANTED, limited to the issues: (1) whether the plaintiff's defective notice of intent as to defendants West Michigan Cardiovascular Surgeons and Spectrum Health tolled the period of limitations pursuant to MCL 600.5856(c), as amended by 2004 PA 87, effective April 22, 2004; and (2) whether defendant Shabahang's defective response to the plaintiff's notice of intent, MCL 600.2912b(7), was presumed valid such that the plaintiff was required to wait the full 182-day period before filing his medical malpractice action.

        KELLY, J. (*concurring*).

I concur in the order granting leave to appeal. However, I would welcome briefing and argument on all issues raised in the three cases in which leave to appeal has been granted.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 15, 2008                              _____
                                                              Clerk